UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RAYMOND P. BOGGESS,

   Plaintiff,

v.

SYNERGETIC COMMUNICATIONS, INC.,

   Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3.  Plaintiff, RAYMOND P. BOGGESS, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4. Defendant, SYNERGETIC COMMUNICATIONS, INC., is a corporation and citizen of the State of Texas with its principal place of business at Suite 1000, 5450 Northwest Central Drive, Houston, Texas 77092.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on the voicemail of the cellular telephone of Plaintiff's acquaintance on or about the dates stated:

> June 17, 2010 at 12:10 PM
> Yes, this message is for Lisa Bogless or Raymond Bogless. My name is Baylor, my number is 800-580-8615. My direct extension is 158. Please give me a call upon receipt of this message. If this is not Lisa Bogless, uh, Bogus or Raymond Bogless, please hang up. By continuing to listen to this call, you are in fact acknowledging that you are Lisa or Raymond Bogless. Be advised in accordance with federal law we are advising you the purpose of this call is to collect a debt. Any and all information obtained will be used for this purpose.

2

<u>July 8, 2010 at 11:46 AM</u>
Uh, this is a message for Lisa or Raymond Bert, uh Bogus. Uh, my name is Scott McKey and I'm trying to reach you in reference to a personal business matter. Uh, please return the call to me at your earliest possible convenience. My toll-free number is 1-800-580-8615, extension 179. Uh, please have, uh, the reference number when you call and it is um, 1384744. Uh, if this is not the voicemail of Raymond or Lisa Bogus, please hang up or disconnect now. There will be a three second pause after which I will continue with personal and private information for Raymond or Lisa Boges only. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Once again, my name is Scott McKey, uh my number is 1-800-580-8615, extension 179. Uh, please have your reference number when you call. It is 1384744. Thank you. You have a good day.

11. Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to disclose its name in the messages.

14. Defendant knew it was required to disclose its name in telephone messages.

15. Plaintiff's acquaintance, who is not related by blood or marriage, heard the messages.

16. Plaintiff did not authorize Defendant to communicate with his acquaintance.

3

17. No court authorized Defendant to communicate with Plaintiff's acquaintance.

18. Plaintiff's acquaintance had no legitimate business need for the information communicated in the telephone messages.

19. Defendant knew or had reason to know that the Plaintiff's acquaintance had no legitimate business need for the information communicated in the telephone messages.

20. The messages communicate information affecting Plaintiff's reputation.

21. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left on the cellular telephone of Plaintiff's acquaintance.

22. Plaintiff's acquaintance has no contractual or legal obligation to *not* listen to messages left on the voicemail of their cellular telephone.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-

4

61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.,</u> 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FDCPA

25.    Plaintiff incorporates Paragraphs 1 through 22.

26.    Defendant communicated with a third-party, Plaintiff's acquaintance, in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III

## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FCCPA

27. Plaintiff incorporates Paragraphs 1 through 22.

28. Defendant communicated information affecting Plaintiff's reputation to his acquaintance who had no legitimate business need for the information in violation of Fla. Stat. §559.72(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>donyarbrough@mindspring.com
>
>By: s/ Donald A. Yarbrough
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658